FILED

2019 NOV 13 PM 4:43

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

DWIGHT R. CUNNINGHAM
HERLY PIERRE ULYSSE
WILSON SIDNEY JOSEPH ASH
CASSANDRA S. ULYSSE

CASE NO. 6:19-cr-238-ORL-41GJK
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1029(a)(4)
18 U.S.C. § 1028A

## UNSEALED INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about April 7, 2018, in the Middle District of Florida, the defendant,

DWIGHT R. CUNNINGHAM,

did knowingly, and with intent to defraud, have control and custody of, and possess device-making equipment, as defined in 18 U.S.C. § 1029(e)(6), that is, card skimming devices, a card encoding device, a credit card printer, and a laminating device, and the offense affected interstate and foreign commerce.

In violation of 18 U.S.C. § 1029(a)(4) and 1029(c)(1)(A)(ii), and 18 U.S.C. § 2.

## COUNT TWO

On or about April 7, 2018, in the Middle District of Florida, the defendant,

DWIGHT R. CUNNINGHAM,

did knowingly and with intent to defraud possess 15 or more counterfeit and unauthorized access devices, as defined in 18 U.S.C. § 1029(e), that is, card account numbers, and the offense affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(3) and (c)(1)(A)(i), and 18 U.S.C. § 2.

## COUNT THREE

On or about April 7, 2018, in the Middle District of Florida, the defendant,

DWIGHT R. CUNNINGHAM,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the credit card number of victim W.B., during and in relation to a felony violation of possessing 15 or more counterfeit and unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3), as charged in Count Two of this

Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2.

## COUNT FOUR

On or about April 7, 2018, in the Middle District of Florida, the defendant,

DWIGHT R. CUNNINGHAM,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the credit card number of victim J.S., during and in relation to a felony violation of possessing 15 or more counterfeit and unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3), as charged in Count Two of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2.

## COUNT FIVE

On or about April 7, 2018, in the Middle District of Florida, the defendant,

HERLY PIERRE ULYSSE,

did knowingly, and with intent to defraud, have control and custody of, and possess device-making equipment, as defined in 18 U.S.C. § 1029(e)(6), that is, a card skimming device, and the offense affected interstate and foreign commerce.

In violation of 18 U.S.C. § 1029(a)(4) and 1029(c)(1)(A)(ii), and 18 U.S.C. § 2.

## COUNT SIX

On or about April 7, 2018, in the Middle District of Florida, the defendants,

WILSON SIDNEY JOSEPH ASH
and
CASSANDRA S. ULYSSE,

aiding and abetting each other, did knowingly, and with intent to defraud, have control and custody of, and possess device-making equipment, as defined in 18 U.S.C. § 1029(e)(6), that is, a card embossing machine, and a card

skimming and encoding device, and the offense affected interstate and foreign commerce.

In violation of 18 U.S.C. § 1029(a)(4) and 1029(c)(1)(A)(ii), and 18 U.S.C. § 2.

## FORFEITURE

1. The allegations contained in Counts One, Two, Five, and Six are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C).

2. Upon conviction of a violation of 18 U.S.C. § 1029, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value;

      e.      has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

DWIGHT R. CUNNINGHAM
HERLY PIERRE ULYSSE
WILSON SIDNEY JOSEPH ASH
CASSANDRA S. ULYSSE

# INDICTMENT

Violations:   18 U.S.C. § 1029(a)(3)
              18 U.S.C. § 1029(a)(4)
              18 U.S.C. § 1028A

A true bill,

_____
Foreperson

Filed in open court this 13th day of November, 2019.

_____
Clerk

Bail   $_____